# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **ANNETTE ROSS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )  **Case Number 2:13-CV-1524-SLB** |
| | ) |
| **THE FRESH MARKET, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

This case is before the court on Defendant's Motion to Dismiss Under Rules 12(b)(5) and 12(b)(6) or, in the Alternative, Motion to Dismiss and Compel Arbitration. (Doc. 9.)[1] Defendant contends that the parties' dispute is subject to a binding arbitration agreement. (*Id*. at 4.) Plaintiff did not file any opposition to defendant's motion. For the reasons set forth below, defendant's Motion to Dismiss and Compel Arbitration will be granted and its Motion to Dismiss Under Rules 12(b)(5) and 12(b)(6), will be denied as moot.

Plaintiff Annette Ross and defendant, The Fresh Market, her former employer, entered into an Agreement to Resolve Claims, in which they "agree[d] to [a] dispute resolution procedure with respect to any dispute relating to a term or condition of employment." (Doc. 10-2 at 2.) The Agreement required the parties "to submit to arbitration." (*Id*.) Also, the

---

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

Agreement states that it "is a waiver of the right to jury trial on claims that would otherwise be brought in court." (*Id.*)

The court finds that plaintiff entered into a binding arbitration agreement with defendant.  Therefore, defendant's Motion to Dismiss and Compel Arbitration, (doc. 9), will be granted and plaintiff's Complaint will be dismissed without prejudice.[2]  Its Motion to Dismiss Under Rules 12(b)(5) and 12(b)(6) will be denied as moot.

An Order granting in part and denying in part defendant's Motion to Dismiss

---

[2]Dismissal without prejudice is appropriate when all the claims alleged in the Complaint are subject to the arbitration agreement:

> While 9 U.S.C. § 3 provides that a district court "shall on application of one of the parties stay the trial of the action until . . . arbitration has been had in accordance with the terms of the agreement," courts have determined that this rule "was not intended to limit dismissal of a case in the proper circumstances.  The weight of authority clearly supports dismissal of the case when *all* of the issues raised in the district court must be submitted to arbitration." *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992)(emphasis original); *see also Lloyd v. Hovensa, LLC*, 369 F.3d 263, 269 (3d Cir. 2004)(discussing split of authority among the circuits).  The United States Court of Appeals for the Eleventh Circuit has not directly addressed this issue, but has frequently affirmed where the district court compelled arbitration and dismissed the underlying case.  *See, e.g., Samadi v. MBNA Am. Bank, N.A.*, 178 Fed. Appx. 863 (11th Cir. 2006), *cert. denied*, 127 S. Ct. 494 (2006); *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359 (11th Cir. 2005); *Jackson v. Cintas Corp.*, 425 F.3d 1313 (11th Cir. 2005).  Therefore, it appears that the Eleventh Circuit would permit the dismissal of an action in which all of the claims are subject to arbitration.

*Gilchrist v. Citifinancial Services, Inc.334*, No. 6:06-cv-1727-Orl-31KRS, 2007 WL 177821, *4 (M.D. Fla. 2007).

Under Rules 12(b)(5) and 12(b)(6) or, in the Alternative, Motion to Dismiss and Compel Arbitration, (doc. 9), will be entered contemporaneously with this Memorandum Opinion.

**DONE** this 10th day of August, 2015.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
SENIOR UNITED STATES DISTRICT JUDGE